**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| DIANE MITCHELL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 06-0676-CV-W-DW |
| v. | ) | |
| | ) | |
| KINNICK AUTO CREDIT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Before the Court are Plaintiffs' motions to proceed *in forma pauperis* (Doc. 1). The Court has reviewed the motion and affidavits of financial status. For the reasons discussed below, the Court denies the motion.

The process to determine whether a plaintiff should be granted leave to proceed *in forma pauperis* consists of two steps. Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982). First, the district court must decide whether the plaintiff "qualifies by economic status" pursuant to 28 U.S.C. § 1915(a). Id. If so, the court must then decide whether the action must nonetheless be dismissed because it is "frivolous or malicious," 28 U.S.C. § 1915 (e)(2)(B)(I), fails to state a claim upon which relief may be granted, id. § 1915(e)(2)(B)(ii), or seeks monetary relief against a party immune from such damages, id. § 1915(e)(2)(B)(iii).

The Court will assume that both Plaintiffs qualify by economic status. However, the second prong of Martin-Trigona is not met. See also 28 U.S.C. § 1915. In the complaint, Plaintiffs seek damages of $5,500 for a lender and car dealer's fraud and wrongful repossession of a car. The complaint appears to state, for example, a tort claim that might be filed in state court. The Court cannot discern any claim over which this Court might arguably have jurisdiction. Therefore, the

Court hereby

DENIES the motion to proceed *in forma pauperis* (Doc. 1); and

ORDERS that this case is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.


_____/s/ DEAN WHIPPLE_____
Dean Whipple
United States District Judge

Date:    August 28, 2006